UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RENE LOPEZ,

               Plaintiff,

    v.

UNKNOWN,

               Defendants.

Case No. C08-5027FDB/KLS

ORDER TO SHOW CAUSE FOR
FAILURE TO STATE A CLAIM

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff alleges that he is in grave danger in prison, that general population inmates want to kill him and that the "prison lie about [his] care and put [him] in greater danger."[1] (Dkt. # 1). Plaintiff has not named any Defendants nor has he alleged how any individual has caused or personally participated in causing any harm alleged in the Complaint. Thus, the Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim.

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474

---

[1] At the time he filed his Complaint, Plaintiff was incarcerated at the McNeil Island Corrections Center. *Id*. On January 28, 2008, the Court received notice that Plaintiff has been moved to the Monroe Correctional Complex. (Dkt. # 4).

ORDER
Page - 1

U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must name a defendant or defendants in this action and must allege facts showing how the individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause why this complaint should not be dismissed. A response is due by **February 29, 2008.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 4th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge