UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RENE LOPEZ,

        Plaintiff,

   v.

UNKNOWN,

        Defendants.

Case No. C08-5027FDB/KLS

SECOND ORDER TO SHOW CAUSE FOR FAILURE TO STATE A CLAIM

Before the Court is Plaintiff's response to the Court's Order to Show Cause for Failure to State A Claim. (Dkt. # 8). Plaintiff claims that he is having problems understanding the Court's order and requests that the Court appoint an attorney to explain and file a response in a timely manner. *Id.* The Plaintiff's request for an attorney has been denied by separate order. Plaintiff shall be given additional time to file an amended complaint setting forth his claims in clear manner.

Plaintiff claims that he is in grave danger in prison, that general population inmates want to kill him and that the "prison lie about [his] care and put [him] in greater danger."[1] (Dkt. # 1). This is not enough to go forward in federal court. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert.*

---

[1] At the time he filed his Complaint, Plaintiff was incarcerated at the McNeil Island Corrections Center. *Id.* On January 28, 2008, the Court received notice that Plaintiff has been moved to the Monroe Correctional Complex. (Dkt. # 4).

ORDER
Page - 1

*denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In other words, Plaintiff must name the Defendants who harmed him. Then he should describe what each Defendant did, how that conduct violated Plaintiff's constitutional right or rights, how that Defendant's conduct injured him, and what remedies Plaintiff seeks for that conduct. Plaintiff should also include a paragraph telling this Court what actions he wants it to take on his behalf and the grounds for this Court's jurisdiction over his action.

Accordingly, it is **ORDERED:**

(1) Plaintiff shall file an amended complaint, entitled "Amended Complaint." The Amended Complaint will act as a complete substitute for the original complaint (Dkt. # 1) in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners. The amended complaint will be due **April 4, 2008.** If this pleading fails to state a claim, the Court will recommend dismissal of this action.

DATED this  7th  day of March, 2008.

Karen L. Strombom
United States Magistrate Judge