UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RENE LOPEZ,

        Plaintiff,

v.

UNKNOWN,

        Defendants.

Case No. C08-5027FDB/KLS

THIRD ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Before the Court for review is Plaintiff's First Amended Complaint. (Dkt. # 13). Plaintiff was previously advised that in order to proceed with his 42 U.S.C. § 1983 case, he needs to allege a claim against someone who personally participated in depriving him of a constitutional right. (Dkt. # 7, 11). Plaintiff was advised that he must name the Defendants who harmed him, describe what each Defendant did, how that conduct violated Plaintiff's constitutional right or rights, how that Defendant's conduct injured him, and what remedies Plaintiff seeks for that conduct. (Dkt. # 11). The Court also advised Plaintiff that he should include a paragraph telling this Court what actions he wants it to take on his behalf and the grounds for this Court's jurisdiction over his action. *Id*.

Plaintiff has now amended his complaint to name one defendant, but he names only the Washington State Department of Corrections. Plaintiff has failed to allege a claim against any individual person who personally participated in causing an alleged deprivation of a constitutional right. Thus, the

ORDER
Page - 1

Court finds that Plaintiff must file another Amended Complaint that names an individual person or persons by name, describe how that person or persons harmed Plaintiff, and tell the Court what actions it should take on his behalf.

## I. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Department of Corrections, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff names only the Washington State Department of Corrections as a defendant. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," naming the individual persons by their name, as defendants, who he alleges are causing him harm. The Amended Complaint will act as a complete substitute for the original complaint (Dkt. # 1) in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners. The amended complaint will be due **April 30, 2008.** If this pleading fails to state a claim, the Court will recommend dismissal of this action.

DATED this 27th day of March, 2008.

*Karen L. Strombom* (signature)
Karen L. Strombom
United States Magistrate Judge