UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RENE LOPEZ,

    Plaintiff,

  v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

    Defendant.

Case No. C08-5027 FDB/KLS

REPORT AND RECOMMENDATION

**Noted For: May 23, 2008**

Before the Court is Plaintiff's response to the Court's Third Order directing Plaintiff to file an amended complaint. (Dkts. # 15 and # 17). After careful review of Plaintiff's response and balance of the record, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim and for failure to comply with the Court's Order.

## I. BACKGROUND

Plaintiff was granted leave to proceed *in forma pauperis* on February 4, 2008. (Dkt. # 5). Plaintiff's complaint was filed on the same day. (Dkt. # 6). In his original complaint, Plaintiff alleged that he is in grave danger in prison, that general population inmates want to kill him and that the "prison lie about [his] care and put [him] in greater danger."[1] (Dkt. # 1). Plaintiff did not

---

[1] At the time he filed his Complaint, Plaintiff was incarcerated at the McNeil Island Corrections Center. (Dkt. # 1). On January 28, 2008, the Court received notice that Plaintiff was moved to the Monroe Correctional Complex (Dkt. # 4), and on February 20, 2008, was moved to McNeil Island Correctional Center. (Dkt. # 9).

ORDER - 1

1 name any defendants nor did he allege how any individual caused or personally participated in
2 causing any harm alleged in the Complaint. Plaintiff was ordered to show cause why his complaint
3 should not be dismissed for failure to state a claim. (Dkt. # 7).
4     Plaintiff responded to the Court's Order on February 20, 2008, claiming that he was having
5 problems understanding the Court's Order and requesting appointment of counsel. (Dkt. # 8).
6 Plaintiff was given additional time to file an amended complaint to set forth his claims and the
7 Court offered further explanation as to Plaintiff's pleading obligation as follows:

> In other words, Plaintiff must name the Defendants who harmed him.
> Then he should describe what each Defendant did, how that conduct
> violated Plaintiff's constitutional right or rights, how that
> Defendant's conduct injured him, and what remedies Plaintiff seeks
> for that conduct. Plaintiff should also include a paragraph telling this
> Court what actions he wants it to take on his behalf and the grounds
> for this Court's jurisdiction over his action.

(Dkt. # 11, p. 2).

    Plaintiff's request for counsel was denied. (Dkt. # 10). In that Order, the Court noted that Plaintiff is not a stranger to the legal system, having proceeded *pro se* before and that Plaintiff recently sought discretionary review of his underlying judgment and sentence from the Washington Supreme Court. (Dkt. # 8, Attachment at p. 2, In Re Personal Restraint Petition of Jose Rene Lopez, Court of Appeals No. 25750-9-III). *Id.*, p. 2.

    Plaintiff filed a First Amended Complaint on March 13, 2008, naming the Washington State Department of Corrections as Defendant. (Dkt. # 13). Although Plaintiff amended his complaint to name a defendant, he named still failed to allege a claim against any *individual* person who personally participated in causing an alleged deprivation of a constitutional right. Thus, the Court again advised Plaintiff that he must file another amended complaint that names an individual person or persons by name, describing how that person or persons harmed Plaintiff, and telling the Court what actions it should take on his behalf.

ORDER - 2

## II.  DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S.1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Department of Corrections, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Therefore, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In his response to the Court's third Order directing Plaintiff to file an amended complaint. Plaintiff states that his "life is in danger" and that he does "not belong in prison." (Dkt. # 17, p. 1). Plaintiff also states that he wants to "go to [his] mental institution," that he is "a marked man, [he]

ORDER - 3

killed a 1 month old baby," and that "general population inmates throughout Washington state prisons want [him] dead." *Id*., pp. 1-2. Attached to Plaintiff's response is a Health Services Kite dated March 31, 2008 relating to a request for snore strips and a letter from the Washington State Senate Human Services & Corrections Committee, advising that the Senate has no power to change Plaintiff's prison sentence. *Id*., p. 4, 6.

Although Plaintiff claims to be unable to understand the Court's order, he is articulate and able to express his thoughts in a clear and understandable manner. As noted above, the record reflects that Plaintiff is no stranger to the legal system and that he has previously proceeded *pro se*, seeking discretionary review from the Washington Supreme Court of his underlying judgment and sentence. (*See* Dkt. # 8, Attachment at p. 2). In addition, Plaintiff claims to be a mental patient, but he offers no basis for such a claim or any evidence that any medical condition prevents him from presenting his claims.

Despite being given direction and numerous opportunities to plead, Plaintiff has failed to allege conduct committed by a person acting under color of state law depriving him of a right, privilege or immunity secured by the Constitution or laws of the United States. According, the undersigned recommends that this action be dismissed without prejudice and counted as a strike pursuant to 28 U.S.C. 1915 (g) for failure to state a claim.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice and counted as a strike pursuant to 28 U.S.C. 1915 (g)**. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

ORDER - 4

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 23, 2008**, as noted in the caption.

DATED this 23rd day of April, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5